[No. 3,154.]

THE PEOPLE OF THE STATE OF CALIFORNIA
*v.* THOMAS M. LONG.

SUMMONS OF GRAND JURY. — Under section twelve of the Act of 1863, concerning jurors in certain counties, it is competent for the Judge of a Court, after the commencement of the session, to order a Grand Jury to be summoned.

ALLEGATION IN INDICTMENT FOR BURGLARY.—In an indictment for burglary, an allegation that the prisoner, in the night-time, entered, feloniously, burglariously, and with force and arms, is substantially to say *felonice et burglariter fregit.*

MOTION TO STRIKE OUT EVIDENCE GIVEN WITHOUT OBJECTION.—The practice, whether in civil or criminal cases, of deliberately permitting evidence to be given without objection in the first instance, and then moving to strike it out, on grounds which might readily have been availed of, to exclude it when offered, is not to be tolerated.

ADMISSIONS AS EVIDENCE.—A confession made to an officer who has the prisoner in custody, whether it appear to have been made voluntarily or not, is admissible, if it was not induced by improper means.

APPEAL from the County Court of Plumas County.

The defendant was arrested on a charge of burglary, September 28th, 1871, and committed to jail to await examination. The Court convened November 6th, 1871, when the Judge made an order directing that a Grand Jury be summoned to be in attendance on the sixteenth of that month. When the Court convened on the latter date, the defendant, being present with his counsel, objected to the panel, on the grounds that the case was not one that would authorize the calling of a special Grand Jury, as having arisen since the commencement or immediately before the session of the Court; that the Grand Jury had not been summoned in con-

formity with section five of the Act of April 4th, 1864; that the requisite number of ballots was not drawn, and that notice of the drawing had not been given in accordance with law. The challenge was overruled by the Court, and the defendant excepted. The defendant then demurred to the indictment as stated in the opinion, and the demurrer was overruled. On the trial, the Under Sheriff, Boring, was permitted to testify, without objection on the part of the defendant, that while the defendant was in his custody he had commenced a conversation with him, in which the defendant confessed the crime, but that witness had held out no inducements to him to make the confession. Afterward, the counsel for defendant moved to strike out the testimony, and the motion was denied. The defendant was convicted, and he appealed.

*E. T. Hogan*, for Appellant.

*John L. Love, Attorney General*, for Respondent.

By the Court, WALLACE, C. J.:

1. The challenge of the prisoner interposed to the panel of the Grand Jury was properly denied. By section twelve of the Act of 1863-4 (p. 526) it is provided, that if, after the commencement of the session of the Court, it shall appear proper to the Judge that a Grand Jury be summoned, he shall cause an order to that effect to be entered on the minutes of the Court. This was done; and in impaneling the Grand Jury so directed to be summoned, sections nine, ten, and eleven appear to have been observed.

2. The next error assigned is the overruling of the demurrer to the indictment. The offense of which the prisoner was convicted was that of burglary—defined by section fifty-eight of the statute concerning crimes and punishments. The indictment alleges that the prisoner, in the night-time,

feloniously and burglariously, and with force and arms, entered the dwelling house of Taylor with intent to commit petit larceny, etc.    The objection taken is that it is not alleged that the prisoner forcibly *broke* and entered, etc. We think that under section two hundred and forty-seven of the Criminal Practice Act the indictment was sufficient; the allegation that the prisoner in the night-time *entered feloniously, burglariously, and with force and arms,* is substantially. to say *felonice et burglariter fregit.*.

3. There was no error in permitting Boring, the Under Sheriff, to testify as to the confession of the prisoner made to him.    The evidence was not objected to when it was offered and given upon the part of the prosecution, and for that reason its admission could not be erroneous.    Had objection been then made to its admission, the prosecution would doubtless have shown that the confession was voluntary, as was subsequently shown in answer to the motion of the prisoner to strike out the evidence of the confession. The practice, whether in civil or criminal cases, of deliberately permitting evidence to be given without objection in the first instance, and then moving to strike it out on grounds which might readily have been availed of to exclude it when offered, is not to be tolerated.    There is nothing in the points made upon the instructions given to the jury; these are necessarily disposed of by the views already expressed.

Judgment affirmed.

Mr. Justice CROCKETT did not participate in this decision.