## MARKS v. BODIE BANK.

### No. 8703; November 30, 1885.

8 Pac. 807.

**Bank for Collection—Liability to Account.**—Where a bank for collection, having a claim against a certain party, took certain of his notes from another party under an agreement to collect them, and, when collected, pay the proceeds thereof over to plaintiff, deducting costs and expenses of collection, and in pursuance of the agreement did so collect a portion of the notes by means of an action, judgment, and execution sale, if the proceeds were not sufficient to satisfy the demand of plaintiff, the owner of the notes, after payment of the bank's own debt and costs and expenses, neither the plaintiff nor the bank is entitled to payment in full out of the proceeds of the sale, but each is entitled to share in the proportion in which their claims against the debtor had paid the purchase price at the execution sale, and the plaintiff became entitled to his share thereof after sale upon demand.

**Evidence—Failure to Object to Incompetency.**—A Refusal to Strike Out Evidence on the ground of incompetency and immateriality is not erroneous, if such evidence was admitted without any objection being taken on these grounds.

APPEAL from Superior Court, County of Mono.

F. V. Drake, Marcus Rosenthal and Kittrell & Owen for appellant; Bennett & Reddy for respondent.

BELCHER, C. C.—This is an action to recover the sum of fifteen hundred and fifty dollars, besides interest thereon, which it is alleged the defendant had collected and now holds for the use of the plaintiff.

From the findings it appears that the plaintiff was the owner of three promissory notes made by one Jonas Cohn, on which there was due for principal the sum of fifteen hundred and fifty dollars, and that on the twelfth day of May, 1880, he assigned the notes to the defendant for collection; "the defendant then and there agreeing with the plaintiff to use its best efforts to collect the same, and, when collected, to pay the proceeds thereof over to the plaintiff, deducting therefrom the necessary costs, commissions, and

expenses incident to such collection''; that the defendant at once commenced an action to recover the amount due for principal and interest on the notes, and the further sum of eight hundred and four dollars and sixty-one cents, which Cohn then owed to defendant; that judgment was obtained for the full amount claimed, on which execution was issued; that under the execution there was sold a large lot of clothing, merchandise, and book accounts, the property of Cohn, which was bid in by the defendant for a sum sufficient to satisfy the execution and pay the costs of sale. The court further found that the defendant did not purchase the goods, merchandise, and book accounts at the sheriff's sale for its own sole benefit, but, there being no bidders who were willing to pay therefor a sum sufficient to satisfy the execution, the defendant bid the same in for the use and benefit of the plaintiff and defendant, in order to prevent a sacrifice of the goods and to secure the demands of both parties; that for want of a purchaser willing to pay a fair price for the goods, or sufficient to satisfy the plaintiff's and defendant's demands in full, only a small portion thereof had been sold by defendant, and that after applying the proceeds of the sales to the costs and expenses of the suit and sale, and the expenses of taking care of and disposing of the goods, a portion of the defendant's demand still remained due and unpaid. It was further found as a conclusion that the defendant had no money in its possession belonging to the plaintiff, and was consequently entitled to have judgment entered in his favor. The appeal is by the plaintiff from the judgment and an order denying his motion for a new trial.

1. It was claimed for the plaintiff at the trial, and is claimed here, that the defendant had no authority to bid in the goods on his account or for his benefit, and that, having bid them in in its own name for a sum sufficient to satisfy the execution, it at once became liable to pay him the amount due on his notes for principal and interest. We do not think this claim can be maintained. The notes were turned over to the defendant for collection, and it became its duty to exercise care and diligence in trying to make the full amount of money due on them. The plaintiff estimated the value of the goods seized at considerably more than enough to satisfy the execution. When they were offered for sale, therefore,

there being no other bidders willing to take them at a price which would satisfy the execution, it appeared to be for the interest of both parties that they be bid in on their joint account, and held till they could be sold so as to make the full amount of money to which each was entitled. Looking at all the testimony, and the circumstances surrounding the transaction, we think it may fairly be concluded that the defendant was authorized to bid in the goods for the use and benefit of both parties, and that the court rightly found that it did so bid them in.

It is further claimed for the plaintiff that the court erred in refusing to strike out the testimony of the witness William Irwin, on the ground that it was incompetent and immaterial. The testimony was given without objection on this ground, and the motion to strike out came too late: People v. Long, 43 Cal. 444; People v. Rolfe, 61 Cal. 540.

2. It was claimed by the defendant in its answer that, under the agreement made between the parties, whenever any money should be collected by any means in consequence of the action, it was to be applied—First, to the payment of the costs and expenses incurred in the action, including the attorney's fee; second, to the payment of Cohn's indebtedness to the defendant; and, third, if there should be any overplus, to the payment of the amount due on the notes of the plaintiff. There was nothing in the evidence to justify this claim. No such agreement was proved, and none could be inferred from the circumstances attending the transaction. On the contrary, we must presume that when the property was bid in for the use and benefit of both plaintiff and defendant, they became interested in it, and were entitled to share in its proceeds in the proportions in which their claims against Cohn had paid its purchase price. The title to the whole property was taken in the name of the defendant, but to the extent of plaintiff's interest it was held in trust for him. It follows that when any of the goods were sold, the plaintiff was entitled to demand and receive from the defendant his pro rata share, after paying costs and expenses, of the moneys for which they were sold. The case shows that when this action was commenced, some of the goods had been sold, and the proceeds of the sale were in possession of the defendant. The plaintiff's share of the proceeds should have

been paid to him on his demand, and may be recovered in this action.

The judgment and order should therefore be reversed and the cause remanded for a new trial.

We concur: Searls, C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded for a new trial.