## THE PEOPLE *v.* MASSÓ.

### APPEAL from the District Court of Guayama.

No. 441.—Decided June 18, 1912.

CRIMINAL LAW—SUFFICIENCY OF COMPLAINT.—An examination of the complaint as a whole shows that the offense was committed in the municipal district of Guayama. The fact that the word ''public'' was not inserted in defining the offense committed against the peace constitutes no defect, because the facts alleged in the complaint show how the peace was disturbed and it is such facts that determine the nature of the offense charged; not the name given thereto by the prosecutor.

ID.—EVIDENCE.—Some of the acts with which the defendant is charged having been committed in the street and others in the municipal jail, the trial court committed no error in refusing to strike out the testimony of a witness with respect to those which took place in the jail, especially when taking into account that the evidence was admitted without objection by the defendant.

ID.—EVIDENCE—CORROBORATION OF TESTIMONY.—In a case of this nature the testimony of one witness is sufficient to prove the facts alleged in the complaint and needs no corroboration.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This prosecution was begun in the Municipal Court of Guayama. From a conviction in that court an appeal was taken to the District Court of Guayama, where, on a trial *de novo,* the defendant was again convicted and his punishment fixed at 90 days' imprisonment in jail and payment of costs. Being still dissatisfied with the result of these proceedings, he appealed to this court.

A statement of the case is contained in the record, but no brief has been filed, nor did the appellant appear by counsel. The People are represented by the *fiscal* and the record is before us, on submission of the case at the hearing had on the 11th instant.

In the trial court, the accused demurred to the complaint because (*a*) it does not set forth the district in which the

offense was committed; and, (*b*) because the offense is de-
nominated "a breach of the peace" instead of "against the
public peace." The district court overruled this demurrer.

The complaint reads as follows:

"Municipal Court of Guayama. United States of America, ss:
The President of the United States: *The People of Porto Rico* v.
*Pedro Juan Massó.* 'I, Landelino Ortiz, I. P., 242, a resident of
Guayama, Marina street No. —, 27 years of age, present a complaint
against Pedro Juan Massó for the offense of disturbing the public
peace, committed in the manner following: That on February 3, 1912,
at 9 o'clock p. m., and in the street of San Fernando, of the judicial
district of the municipal court, the aforesaid defendant voluntarily
and maliciously provoked me with obscene words such as '——'
(using the most indecent words in the Spanish language), all this in a
disorderly manner, so and so being witnesses, etc.' "

The whole complaint must be taken together, and thus it
sufficiently appears that the offense was committed in the
Municipal District of Guayama. It further shows that the
accused voluntarily and maliciously provoked a policeman who
had arrested him, by using, in a disorderly manner, obscene
and insulting language, which it is unnecessary to record.
The allegation that he disturbed the peace is sufficient when
the facts alleged show the means whereby the breach was done.
Section 368 of the Penal Code was violated and the violation
is charged in the complaint, although the word "public" is not
repeated in the text thereof. It is the facts alleged that deter-
mine what offense is charged in the complaint and not the
name which the prosecutor may give to the same. *People* v.
*González*, 17 P. R. R., 1140.

On the close of the testimony of the witness Lao, the de-
fendant moved to strike out his testimony, because it referred
to what took place inside the lockup. This motion was prop-
erly denied, because the testimony had been admitted without
objection, and even had it been inadmissible, the motion to
strike it from the record should not have prevailed, in the
absence of some better reason than the one assigned. *People*

v. *Long,* 43 Cal., 444; 12 Cyc., 565. But the evidence was material, pertinent and competent. The facts alleged occurred partly in the street and partly in the lockup, situated on the same street, and all together constituted one incident. So the whole series of facts were properly proven before the court and were considered in making up the judgment.

After the conclusion of all the evidence the defendant moved for an acquittal, ''because the testimony of the policeman was not corroborated by the other two witnesses.'' It did not need to be corroborated; the testimony of one witness being sufficient to prove the facts charged in this complaint. Sec. 18 of the Law· of Evidence. But it may be that the attorneys for the accused meant to move for his acquittal on the ground of insufficient evidence to sustain the charge of a breach of the peace. If so, the motion was properly overruled.

The testimony was ample. The conduct of the accused was calculated to disturb the peace of the town, and· was inexcusable from any point of view. The facts proven fully sustain the charge made against the appellant, and the judgment is fully justified. It should, therefore, be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.