## CARDENTI et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit. March 12, 1928.

No. 5296.

1. **Criminal law** ⟨key⟩693—**Failure to move for suppression of evidence until after jury has been impaneled waives objection.**

Failure to move for suppression of evidence, as having been unlawfully obtained without a search warrant, until after trial has commenced and jury has been impaneled, is a waiver of the objection, unless under exceptional circumstances.

2. **Internal revenue** ⟨key⟩47(3)—**On charge of operating illegal still, under plea of not guilty, government is not required to prove still was not registered nor bond given.**

Where defendants plead not guilty to charge of operating illegal still, it is not incumbent on the government to prove that the still was not registered nor bond given.

3. **Criminal law** ⟨key⟩1208(1)—**Imposition of severe sentence, within legal limits, is not error.**

Imposition of severe sentence is not legal error, where it is within the limits fixed by law.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Criminal prosecution by the United States against Amedeo Cardenti and Freda Corbett, whose true name is Freda Springer. Judgment of conviction, and defendants bring error. Affirmed.

Walter McGovern, of San Francisco, Cal., for plaintiffs in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. Adjudged guilty upon an indictment charging in four counts, all under the internal revenue law (26 USCA), illegal acts pertaining to the maintenance of a still and the manufacture of intoxicating liquor, defendants bring error.

[1] The point most earnestly urged is that the court should have suppressed the larger part of the evidence, because, as alleged, it was procured by an unlawful search and seizure. The indictment was filed on June 27, 1927, and on July 7th the defendants were arraigned and pleaded not guilty, whereupon the cause was set down for trial on August 2d. For some reason the trial did not come on until August 19th, upon which date, after the jury had been impaneled and sworn, the defendants, for the first time in court, indicated a desire to move for the suppression of the evidence. The motion thereupon presented was neither verified nor supported by any affidavit, nor did the defendants exhibit therewith the search warrant or the affidavit upon which it was issued.

Manifestly, the course so adopted, if it may be pursued as of right, would be attended with the most serious consequences. Assuming that the unverified averments of the motion presented issues of fact, the government could not have been required to meet them without reasonable time for preparation; and, should the motion have been ultimately sustained, the government might still have been able to prove its case, if given time to procure other evidence. But to that end the court could not, without peril, have discharged the jury and reset the case for a later date. Because of these embarrassments to the prosecution, and the resulting advantage to defendants, it would become the prevalent practice for defendants to wait until after a jury is impaneled and sworn before interposing such a motion. We do not say that in no case may defendants present the motion after trial has commenced, or demand opportunity to show in some appropriate manner during the course of the trial, that the evidence was procured in violation of their constitutional rights, but only that they must act with reasonable diligence in the assertion of their rights, or they will be deemed to have waived them. Segurola v. United States (decided November 21, 1927) 275 U. S. ——, 48 S. Ct. 77, 72 L. Ed. ——. See, also, Winkle v. United States (C. C. A.) 291 F. 493; MacDaniel v. United States (C. C. A.) 294 F. 769; Harkline v. United States (C. C. A.) 4 F.(2d) 526; Souza v. United States (C. C. A.) 5 F.(2d) 9; Rossini v. United States (C. C. A.) 6 F.(2d) 350; Armstrong v. United States (C. C. A.) 16 F.(2d) 62.

[2] This consideration is likewise controlling in respect to three of the four specifications involving the reception of evidence. As to the fourth specification, a prohibition agent called by the government, having, without objection, testified on direct examination that the still was not registered and that the defendants had not given bond for the operation thereof, was asked on cross-examination whether he had access to the records of the Internal Revenue Department; his reply being in the affirmative, he was further asked whether he had searched the records, and he answered that he had not, but that he had had the bookkeeper make a search, and had been informed by him that the still was not registered. Whereupon counsel said: "I ask that it be excluded on the ground of hearsay." This request or motion is not clear, but whatever may have been intended, it is sufficient to say that under the circumstances it was not incumbent upon the government to adduce the testimony and it could not possibly have been prejudicial. There was no attempt by defendants to show either bond or registration, and hence the point is ruled by McCurry v. United States (C. C. A.) 281 F. 532, and Goodfriend v. United States (C. C. A.) 294 F. 148.

Defendants complain of the court's failure to give three requested instructions. Two of them were upon the subjects of presumption of innocence, burden of proof, and reasonable doubt, all of which were fairly covered by the instructions given. The third request was to the effect that the jury should not consider or weigh as against defendants the mere fact that they had been arrested upon the charge upon which they were being tried. While the court did not use the word "arrested," it did expressly instruct that the indictment was a mere accusation, and was not to be considered as evidence. That any juror would consider the mere fact of arrest as evidence is wholly incredible.

[3] Finally, it is urged that the punishment imposed, two years of imprisonment in the penitentiary for the man defendant, and six

months in jail for the woman, are excessive; but, though the sentences, particularly that of the man, may seem severe, they do not exceed the maximum authorized by the statute, and hence no legal error was committed in imposing them.

Judgment affirmed.