[S. F. No. 19798. In Bank. Oct. 4, 1957.]

LORENZO ROBISON, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Gregory S. Stout for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondents.

McCOMB, J.—This is an application for a writ of prohibition to restrain the Superior Court of the City and County of San Francisco from trying defendant on the charge of violating section 11500 of the Health and Safety Code.

The record at the preliminary hearing disclosed that defendant was charged with violating section 11500 of the Health and Safety Code (possession of dolophine, a narcotic).

Officer Rinken testified that on January 17, 1957, he went to 2945A Bush Street, San Francisco, where he and other officers arrested John Hall for violation of section 11557 of the Health and Safety Code (maintaining premises where narcotics are sold) and for possession and sale of narcotics, in violation of section 11500 of the Health and Safety Code. The officer stated that there had been sales of narcotics from this apartment on at least two other occasions on the same date, that is, January 17, 1957.

After Hall was arrested, defendant came to the apartment, knocked on the door, and was admitted by one of the officers. Officer Rinken asked him if he had anything on him. Defendant was thereupon searched by the officer, and in his left front jacket pocket there was found a paper-wrapped tablet that contained dolophine. This tablet was received in evidence without objection.

It is conceded that the officer did not have a warrant for the arrest of defendant or a search warrant permitting him to search defendant.

*Questions*: First. *Did the committing magistrate properly consider the evidence that defendant had in his possession a narcotic at the time he was arrested, in view of the fact that the arresting officer did not have either (a) a warrant for defendant's arrest or (b) a warrant authorizing him to search defendant?*

 This question must be answered in the affirmative, and is governed by this rule: By failing to object at the preliminary hearing to the admission of the evidence that he had a narcotic in his possession, defendant waived his right to claim that the evidence was improperly received because it had been illegally obtained contrary to the rule announced in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]. (*People* v. *Kitchens,* 46 Cal.2d 260, 262 [1] [294 P.2d 17] ; *People* v. *Kelsey,* 140 Cal.App.2d 722, 723 [1] [295 P.2d 462] ; *People* v. *Williams,* 148 Cal.App.2d 525, 532 [2] [307 P.2d 48] ; see cases cited 23 C.J.S. (1940), Criminal Law, § 1078c, p. 516;

*People* v. *Long,* 43 Cal. 444, 446; *People* v. *Rolfe,* 61 Cal. 540, 542; *cf. Cardenti* v. *United States,* 24 F.2d 782, 783 [1].)

As set forth above, the record discloses that when the dolophine tablet was offered and received in evidence, no objection was made by defendant. Therefore, the committing magistrate properly considered it in determining whether there was sufficient cause to believe that defendant had committed a public offense.

Second. *Did the evidence received before the committing magistrate at the preliminary examination give him "sufficient cause" to believe that defendant had committed a public offense, thus requiring the magistrate, under section 872 of the Penal Code,\* to order that defendant be held to answer to the same?*

*Yes.* ■ The evidence before a committing magistrate at a preliminary examination need not be such as would require a conviction. The "sufficient cause" required by section 872 means merely that there is a reasonable or probable cause for believing that defendant is guilty of the crime charged. "Reasonable or probable cause" means such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the accused's guilt. (*People* v. *Nagle,* 25 Cal.2d 216, 222 [2] [153 P.2d 344].)

■ Applying the foregoing rules to the facts set forth above, it is evident that the offered evidence taken at the preliminary hearing that defendant was present at a place where narcotics had been sold and that he had in his possession a narcotic when arrested would cause a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion that defendant was guilty of violating section 11500 of the Health and Safety Code. Therefore, the evidence was sufficient to warrant the committing magistrate in holding defendant to answer before the superior court.

The alternative writ is discharged and the petition for a writ of prohibition is denied.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

---

*Section 872 of the Penal Code reads: "If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must make or indorse on the complaint an order, signed by him, to the following effect: 'It appearing to me that the offense in the within complaint mentioned (or any offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within-named A.B. guilty thereof, I order that he be held to answer to the same.' "

CARTER, J.—I concur in the conclusion reached in the majority opinion that the writ should be denied. My concurrence is based solely upon the ground that the narcotic found on the person of petitioner was received in evidence without objection and was sufficient to establish probable cause for holding petitioner to answer. I have reached this conclusion reluctantly because a reading of the record discloses that petitioner's counsel was evidently of the opinion that the objection he had previously interposed to the questions asked the witness Rinken were sufficient to cover the questions relating to the identification of the narcotic, but such is not the case, and the majority opinion is correct in its statement that the narcotic was received in evidence without objection.

There is no question in my mind whatsoever that on the facts disclosed by the record, the arrest and search of petitioner was illegal and unjustified under all of the authorities since *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R. 2d 513], and *People* v. *Berger,* 44 Cal.2d 459 [282 P.2d 509], and if appropriate objection is made to the introduction of the evidence obtained as a result of such unlawful arrest and search at the trial of the case, it should be sustained.