[Crim. No. 8148.   Second Dist., Div. Two.   Feb. 27, 1963.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  ANDREW CASTULO PEREZ, Defendant and Appellant.

Ruffo Espinosa for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

ASHBURN, J.—Defendant Andrew Castulo Perez was convicted after trial by the court of possession of marijuana in violation of section 11530 of the Health and Safety Code. Defendant was also found to have been convicted of a prior felony—violation of section 11500 of the Health and Safety Code.

The case was submitted on the preliminary transcript with each side offering additional evidence. A motion for new trial was denied, as was probation. Defendant appeals from the judgment and from order denying new trial.

Two claims of error are advanced by the defendant, namely, (1) that the arrest was illegal and evidence obtained thereby was improperly admitted, and (2) insufficiency of the evidence.

"Viewing the evidence most favorably to respondent's case and remembering that the trial judge 'could have accepted portions of defendant's testimony and statements, disbelieved other portions' (*People* v. *Matlock,* 51 Cal.2d 682, 695 [336 P.2d 505]), the facts are as follows." (*People* v. *Amos,* 190 Cal.App.2d 384, 387 [11 Cal.Rptr. 834].)

On February 16, 1961, deputy sheriffs for the County of Los Angeles saw the defendant seated in the next to last seat of the right rear of a public bus. No one was seated

near him; the only person on the bus other than defendant and the bus driver was seated "up forward of the rear door." The officers had received information from defendant's wife that defendant had a pistol and they were looking for it. They had no description of defendant but did have information as to the clothes he wore and that he was on the back of the bus. It was stopped at a bus stop as the officers pulled up behind it with their red light and siren on.

Before the officers entered the bus Deputy Westhoff, standing next to the window by defendant, saw him lean forward and make an underhanded throwing motion. At this time Westhoff was about a foot from defendant. Westhoff's partner directed the driver to open the door and one of the officers stepped inside and had defendant get off the bus. Defendant was searched for weapons and then an officer checked the area where he had been sitting. He found a packet of 20 handwrapped cigarettes on the inside wheel housing just in front of defendant's seat. On cross-examination, when asked if this was the 17th of February, Deputy Westhoff said yes. It was dark. The time was approximately 8:45 p.m.

Defendant contends that his arrest was illegal and therefore it was error to receive the seized marijuana into evidence. Defendant did not object to the introduction of the evidence at his preliminary hearing nor at the time of trial. In fact, he expressly waived any claim of unreasonable search at the preliminary and likewise waived any objection to the evidence when it was offered at the trial. Nor did he raise the point of illegal arrest at either the preliminary hearing or the trial.

The court in *Robison* v. *Superior Court,* 49 Cal.2d 186 [316 P.2d 1], stated at page 187: "By failing to object at the preliminary hearing to the admission of the evidence that he had a narcotic in his possession, defendant waived his right to claim that the evidence was improperly received because it had been illegally obtained contrary to the rule announced in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]."

*People* v. *Baldwin,* 191 Cal.App.2d 83 [12 Cal.Rptr. 365], at page 88: "Defendant complains that he was illegally arrested in San Diego. He did not raise the point at the trial level and thus deprived the prosecution of the opportunity of justifying the actions of the police. This failure on his part precludes him from now raising the question

for the first time. (*Robison* v. *Superior Court*, 49 Cal.2d 186, 187 [316 P.2d 1].)"

The failure on the part of the defendant to raise the question of illegal arrest, or to object to the introduction of evidence that he claims was illegally seized at the time of trial, precludes the defendant from raising the question for the first time on appeal. (*People* v. *Rojas*, 55 Cal.2d 252, 260 [10 Cal.Rptr. 465, 358 P.2d 921]; *Robison* v. *Superior Court, supra,* 49 Cal.2d 186, 187; *People* v. *Baldwin, supra,* 191 Cal.App.2d 83, 88; *People* v. *Wells*, 187 Cal.App.2d 324, 334 [9 Cal.Rptr. 384]; *People* v. *Gonzales*, 193 Cal.App.2d 434, 436 [14 Cal.Rptr, 66]; *Gendron* v. *United States* (8th Cir.) 295 F.2d 897, 902.)

Defendant also contends that the evidence was insufficient to show that defendant exercised dominion and control over the drug with knowledge of its presence and narcotic character.

The Supreme Court, in *People* v. *Redrick,* 55 Cal.2d 282 [10 Cal.Rptr. 823, 359 P.2d 255], stated the requisites necessary to support a conviction of possession of narcotics.

The court said, at page 285: "The People correctly agree with defendant that to establish unlawful possession of narcotics it must be shown that the accused exercised dominion and control over the drug with knowledge of its presence and narcotic character. [Citations.] They further correctly agree that proof of opportunity of access to a place where narcotics are found, without more, will not support a finding of unlawful possession." At page 287: "As might be expected, no sharp line can be drawn to distinguish the congeries of facts which will and that which will not constitute sufficient evidence of a defendant's knowledge of the presence of a narcotic in a place to which he had access, but not exclusive access, and over which he had some control, but not exclusive control. . . . [W]here the sufficiency of the evidence might otherwise have been doubtful, it was strengthened by a showing of consciousness of guilt."

In reviewing the evidence an appellate court is bound by the evidence most favorable to the respondent. See *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778], and innumerable cases which reiterate the rules there stated, e.g., *People* v. *Robillard,* 55 Cal.2d 88, 93 [10 Cal.Rptr. 167, 358 P.2d 295]. In this instance the court stated that

it believed the officers' testimony and rejected defendant's testimony as to conflicting stories. Defendant was seen to make a throwing motion in the direction of the spot where the narcotic was found and this was done upon his seeing the police officers. This is sufficient evidence to support a finding of knowing possession. (*People* v. *Redrick*, *supra*, 55 Cal.2d 282, 287.)

Defendant's attempt to get rid of the narcotic establishes not only his knowledge and control of the contraband but also his awareness of its illicit character. (*People* v. *Hendrix*, 197 Cal.App.2d 327, 330 [17 Cal.Rptr. 79]; *People* v. *Wallace*, 197 Cal.App.2d 600, 602-604 [17 Cal.Rptr. 396].)

█ Defendant claims that the evidence does not support the verdict because the "officers testified that the defendant's arrest and the seizure of the evidence took place on February 17, 1962 [1961] at about 8:45 p.m." But the date on the booking was February 16, 1961. Therefore, the booking would seem to be before the arrest and seizure. The officers also testified that the seizure and arrest was on February 16, 1961.

There is no support for a claim of prejudicial error on this point. The trier of fact properly could reconcile this testimony and conclude that while the date was uncertain, the finding of the contraband preceded the booking. (See *People* v. *Carr*, 170 Cal.App.2d 181, 187-188 [338 P.2d 479].)

There was sufficient evidence to support a finding of defendant's knowing possession of a narcotic.

The judgment of conviction is affirmed. The appeal from order denying new trial having been taken before the effective date of the 1961 amendment to section 1237 Penal Code, that order is affirmed.

Fox, P. J., and Herndon, J., concurred.