[Crim. No. 8527.   Second Dist., Div. Three.   Jan. 8, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER
THOMAS CURRY, Defendant and Appellant.

A. Marco Turk, under appointment by the District Court
of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David M. Rothman, Deputy
Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Defendant was accused of robbery, assault
with a deadly weapon with intent to commit murder, the
offense of kidnaping (Pen. Code, § 207) and the offense of
kidnaping to commit robbery (§ 209). He was convicted of
robbery, assault with a deadly weapon, kidnaping for robbery and was acquitted of kidnaping (Pen. Code § 207). He
appeals from the judgment.

According to the evidence of the People, defendant robbed
the proprietor of a liquor store of $97 at the point of two
guns and in the course of the robbery he fired three shots. As
he left the store he commandeered an automobile and its

driver, one Williams, and at the point of a gun caused Williams to drive him about for an hour and a half. The evidence with respect to the offense of assault as charged was that in the course of the robbery a customer named Muller threw bottles at the defendant. This precipitated the firing of several shots into pastry and crackers in the delicatessen counter behind which Muller was standing. Evidently, due to uncertainty whether defendant was shooting at Muller with homicidal intent, he was found guilty of the lesser offense of assault with a deadly weapon.

The question on the appeal is whether upon the foregoing facts defendant was guilty of kidnaping for robbery. We believe the evidence was sufficient. It has been held that immediate flight from the scene of a robbery is a part of the offense and that if the robber forcibly causes the victim of the robbery to drive him away from the scene as a means of escape he is guilty of kidnaping for robbery. (*People* v. *Monk,* 56 Cal.2d 288, 295 [363 P.2d 865].)

The contention of defendant is that the offense is not committed unless the victim of the kidnaping is also the victim of the robbery. The argument upon this theory appears to be developed from the fact that in most cases of the sort the victim of the robbery and of the kidnaping is the same person. It is also pointed out that in 56 Cal.2d 288, *supra*, the opinion speaks of the kidnaping of the "victim" who was the person robbed which, it is contended, supports defendant's argument. We find no merit in this contention.

The question was before the court in *People* v. *Baldwin,* 191 Cal.App.2d 83 [12 Cal.Rptr. 365]. In that case the defendant hired a cab driver to drive him to a location, robbed the cab driver, caused himself to be driven to another location at the point of a gun, where he committed another robbery and to yet another location where he took a bus. The cab driver was not forced to drive the defendant to the first location and the court observed that the kidnaping would have to be judged by the actions of the accused after the robbery of the driver, namely, compelling the driver to drive to the location of the second robbery and thereafter away from that location to a bus terminal. The court observed that in the ordinary case the person kidnaped is the person that has been robbed but stated (pp. 86, 87) : "However, the statute does not expressly state that the robbery and kidnaping must relate to the same person. Both situations are equally dangerous and represent the type of conduct to which the

Legislature intended to direct heavier penalties. (*People* v. *O'Farrell,* 161 Cal.App.2d 13, 22 [325 P.2d 1002].) Also, it could fairly be inferred from the evidence by the trier of fact that the defendant had another purpose in exercising control over the cab driver, namely, assistance in making his escape. ... It is clear that upon either theory there is ample evidence to sustain the conviction of kidnaping for the purpose of robbery (Count I)."

These statements decide the point adversely to the contention of defendant and we fully agree with them. If kidnaping were an indispensable element of the crime of robbery there would be merit in defendant's argument, but, of course, this is not so. Here the robber used his guns as a means of forcing Williams to drive him away from the scene of the robbery and since his obvious purpose was to escape detection and arrest it was accomplished as effectively as it would have been if he had kidnaped and had been driven away by the victim of the robbery.

The jury was correctly instructed with respect to the offense of kidnaping for robbery and the case was tried without error.

The judgment is affirmed.

Ford, J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 4, 1964.