**STATE of Missouri, Respondent,**

v.

**Kenneth E. ROBERTS, Appellant.**

**No. KCD 26757.**

Missouri Court of Appeals, Kansas City District.

June 2, 1975.

Charles A. Gallipeau, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Clarence Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Defendant, having been charged with possession of heroin, waived his right to a trial by jury, was tried before the court, and was found guilty. On this direct appeal from that conviction he makes the single claim of error, that the evidence was insufficient to sustain the conviction because there was no evidence showing that

defendant had knowing and conscious possession of the contraband substance.

At the trial the State presented two witnesses, Officers Calvin Leslie and Harrell Hockemeier of the Kansas City, Missouri, Police Department. Their testimony, substantially the same in all pertinent respects, reflected that both were members of the Kansas City, Missouri, Police Department on August 10, 1972. At approximately 9:45 p. m., both officers were in an unmarked police car patrolling the area around 29th & Prospect. Officer Hockemeier was driving. As they approached the intersection of 29th & Prospect from the south, they were looking for a Wesley Turner, wanted in connection with a robbery. Neither Officer Leslie nor Officer Hockemeier knew Turner personally, but both had been given a description of him as being 5′ 9″ tall and weighing about 150 pounds. As the officers reached the intersection, they could see two men to their right standing to the north of a building located on the southeast corner. Officer Hockemeier thought one of the men matched the physical description of Turner, and so he turned the car around in an abandoned service station on the northeast corner of this intersection. He stopped the car with the headlights shining on these two men. These two men were also illuminated by a corner street light and light emitting from the building beside them. Officer Hockemeier also shined a searchlight on them. The taller of the two men, Arlester Scott, was then observed to drop small objects into defendant's cupped hands. Scott thereupon saw the lights of the police car, turned around, walked to the corner, and proceeded to walk south on Prospect. Officer Leslie described Scott's gait as "a pretty fast walk." Defendant, after seeing the police vehicle, then bent down, released some objects, and followed Scott. Officer Hockemeier drove the car to the curb, and both officers jumped out. Officer Leslie pursued Scott, and when he ordered him to stop, Scott stopped, turned around, and jammed his hand into his pocket. Officer Leslie ordered him to take his hand from his pocket, and when he did so a syringe fell from his hand. Officer Leslie retrieved it and then took Scott back to the police vehicle, where Officer Hockemeier had defendant in custody. While Officer Leslie guarded Scott and defendant, Officer Hockemeier went and picked up the objects which defendant had dropped. Officer Hockemeier retrieved two red balloons and some automobile keys. There were no other objects, trash, or debris in the immediate area where these objects were found by Officer Hockemeier. The two balloons each contained some capsules which were analyzed and shown to contain heroin.

In order to make out a case of illegal possession of a controlled substance under § 195.020, RSMo 1969, V.A.M.S., it must be shown that the accused was in conscious possession of the particular substance. State v. Burns, 457 S.W.2d 721 (Mo.1970); State v. Berry, 488 S.W.2d 667 (Mo.App.1972). The test of whether the accused had conscious possession is whether or not he was aware of the presence and character of the particular substance [State v. Burns, supra; State v. Berry, supra], and proof of such conscious possession can be, and usually is, supplied circumstantially by evidence of the acts or conduct of the accused from which it may be fairly inferred that he knew of the existence of the contraband. State v. Scarlett, 486 S.W.2d 409 (Mo.1972); State v. Burns, supra; 28 C.J.S. Supp. Drugs and Narcotics § 204, pp. 299, 300. Here, the facts that defendant received the balloons from Scott and immediately bent down, dropped them, and began following Scott after he realized he was being observed, was sufficient evidence to support a finding of knowing possession of contraband. See State v. Scarlett, supra; People v. Perez, 213 Cal.App.2d 436, 28 Cal. Rptr. 751 (1963); People v. Groom, 60 Cal.2d 694, 36 Cal.Rptr. 327, 388 P.2d 359 (1964).

The evidence in this case was sufficient to sustain a conviction, and the conviction is, therefore, affirmed. See State v. Small, 423 S.W.2d 750 (Mo.1968); State v. Davis, 510 S.W.2d 790 (Mo.App.1974); State v. Boykins, 434 S.W.2d 484 (Mo.1968); State v. Bryson, 506 S.W.2d 358 (Mo.1974).

All concur.