**STATE of Missouri, Respondent,**

v.

**Herbert BOCLAIR, Appellant.**

**No. WD 31781.**

Missouri Court of Appeals, Western District.

Aug. 11, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 15, 1981.

Application to Transfer Denied Oct. 13, 1981.

Thomas L. Sodergren, Sp. Asst. Public Defender, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Herbert Boclair was found guilty by a jury of possession of a controlled substance, § 195.020, RSMo 1969. The court assessed punishment at confinement for five years.

On this appeal Boclair complains of the exclusion of evidence, contends his motion for acquittal should have been sustained and the court failed to give a required instruction. Affirmed.

Boclair was an inmate in the State penitentiary. In August, 1978, a banquet was held at the prison which was attended by a number of prisoners, including Boclair. The State's evidence showed that at the conclusion of the banquet a balloon was found on the floor. Apparently this aroused the suspicion of the prison officials and it was announced to the gathering that a strip search would be performed as the inmates were leaving the room. When Boclair had been searched and nothing was found, he was asked to stand aside. He later was taken to another building and the prison medical officer came in and took an x-ray of Boclair's stomach. The x-ray revealed foreign objects. Thereupon the physician gave Boclair a cup containing syrup of Ipecac to induce him to vomit. Within a few minutes Boclair regurgitated six balloons, and a few minutes later, a seventh. The balloons were captured in a bucket and when examined it was found that one of

them contained pills. A clinical analysis of the pills revealed they contained Diazepam, more commonly known as Valium.

Boclair testified that near the conclusion of the banquet someone handed him the balloons and he felt them and did not feel any pills in any of them. He thereupon drank some soda and swallowed the balloons. He knew the balloons contained marijuana and knew that was a controlled substance, but he denied that any of the balloons contained any pills.

Subsequent to the events surrounding the regurgitation of the balloons, Boclair filed a civil suit in federal court against Warden Wyrick. This suit was later settled but the terms of the settlement do not appear in this record. Boclair did offer in evidence three exhibits consisting of the complaint in that civil suit, the recommendation of the federal magistrate that the case be dismissed on the agreement of both Boclair and the warden, and the order of the district judge dismissing the case. In the trial court Boclair argued that the three exhibits were admissible and to exclude them would foreclose any defense based on an unlawful search and seizure or a defense of coercion. On this appeal, Boclair now contends the exclusion of the exhibits was erroneous because it would tend to cast doubt on the credibility of Warden Wyrick in his testimony in this case.

■ It is first apparent that the grounds urged on this appeal go beyond those urged in the trial court and thus are not properly subject to appellate review. *State v. Hedrick*, 534 S.W.2d 578, 584[9] (Mo.App.1976). However, there is no merit in any argument concerning the excluded exhibits as being admissible for the purpose of affecting the credibility of Warden Wyrick by showing his bias and prejudice. The warden was not called by the State, but rather was called as a witness by Boclair. No attempt was made to impeach the warden on any recognized grounds nor was there any other attempt to attack his credibility except for the introduction of the three exhibits. The argument really boils down to the fact that Boclair contends that part

of the settlement in the civil suit was an agreement on the part of the warden that the criminal charges here involved would be dismissed. Even if Boclair's argument were reviewable on the ground that the warden's credibility was properly subject to attack by showing an unfulfilled promise to dismiss a criminal prosecution, such argument would totally fail. This for the reason that the prosecuting attorney is the only official who has the power to voluntarily dismiss a felony charge. *State v. Hoopes*, 534 S.W.2d 26, 34[4], (Mo. banc 1976).

The three exhibits offered did not bear any relevancy to the charges nor would they furnish any ground on which to attack the credibility of the warden who had been called as Boclair's own witness. The evidence complained of was properly refused.

■ Boclair next contends the court erred in refusing to grant his motion of acquittal at the close of all the evidence. This contention is based on the argument that there was no substantial evidence to show that Boclair was aware that there was Valium in any of the balloons. In making this argument, Boclair confines the evidence to his own testimony. As stated above, the State's evidence was that a balloon came from Boclair's stomach containing pills which in turn contained Valium. Obviously, the jury disbelieved Boclair's testimony that none of the balloons he swallowed contained any pills. As held in *State v. Burns*, 457 S.W.2d 721 (Mo.1970) the State was required to prove that Boclair was in conscious possession of the Valium. This evidence is usually supplied by the evidence of the acts or conduct of the accused from which it may be said that conscious possession may be fairly inferred. *State v. Roberts*, 524 S.W.2d 174, 175[1–3] (Mo.App.1975). Here the evidence revealed that Boclair knew he was swallowing balloons with a controlled substance and the only variance in the evidence is between the State's evidence that one balloon contained pills and Boclair's testimony that none of the balloons contained pills. The jury could find from the evidence that one of the

balloons swallowed contained pills despite Boclair's denial. From the extraordinary actions taken by Boclair to conceal the controlled substance, the jury could infer from the State's evidence that Boclair knew that one of the balloons contained Valium. Roberts, *supra*. The court correctly refused the motion for acquittal.

Boclair finally contends that he was entitled to an instruction under MAI–CR 2.04. Since the offense occurred prior to January 1, 1979, the instructions were properly given pursuant to MAI–CR. *State v. Strickland*, 609 S.W.2d 392, 396[15] (Mo. banc 1980). Notes on Use under MAI–CR 2.04, ¶5, refers to special negative defenses. These defenses are defined as being those:

> "(1) upon which defendant does not carry the burden of proof (self defense, accident, honest claim to ownership or use of property, entrapment, etc.), (2) supported by enough evidence arising during the whole case to raise a reasonable doubt of defendant's guilt, and (3) presenting a positive fact or set of circumstances, as distinguished from a bare denial or converse, which, if found, would negate one or more essential elements of an offense (honest claim to ownership, for example) or which would, if found, constitute a legal defense (self-defense, for example). Alibi is not a 'special negative defense'."

The evidence which Boclair contends constituted a special negative defense which would entitle him to an instruction on that issue was simply his denial that he had swallowed any balloon containing pills. As shown from the definition above, a bare denial is not sufficient to require the giving of an instruction on a special negative defense. Furthermore, in *State v. Lackey*, 539 S.W.2d 537, 538[1, 2] (Mo.App.1976) the court, in considering a similar contention quoted from *State v. Banks*, 491 S.W.2d 247, 248 (Mo.1973) and *State v. Broomfield*, 510 S.W.2d 843, 845–6[2] (Mo.App.1974) in which it was held that a defendant's denial of the commission of a crime does not entitle him to a theory of "innocence" instruction on a special defense. In short, the denial of the commission of an offense would eliminate a special negative defense. Inherent in the special negative defense concept is the fact that the act charged was committed, but by reason of the special negative defense the act as committed did not possess the qualities of criminality.

For that reason, it is inconsistent to deny on one hand that an act was committed, yet on the other hand contend that the accused had a special negative defense. Since Boclair denied that he swallowed any balloons containing Valium, he was not entitled to an instruction on a special negative defense. The court was, therefore, not required to instruct on this theory of defense. The judgment is affirmed.

All concur.