REINHARD, Judge.
Defendant was convicted after a jury trial of possession of more than 35 grams of marijuana, a Schedule I controlled substance, and was sentenced in accordance with the punishment assessed by the jury to 30 days incarceration in the St. Louis Medium Security Institution. Defendant appeals, challenging the sufficiency of the evidence. We affirm.
At trial, Police Officer Eddie Givens and criminalist Victor Granat testified for the state. Officer Givens said that at approximately 11:30 p.m. on June 26, 1984, he noticed a 1974 Grand Torino, owned by defendant, travelling west on Park Avenue in the City of St. Louis with broken red taillight lenses in violation of a city ordinance. Officer Givens positioned his patrol car about six feet behind defendant’s vehicle, engaged its red roof lights and turned on its spotlight, which he directed through the rear window of defendant’s car, enabling him to see clearly into that vehicle. He observed three men inside the Grand Torino: defendant, who was driving; a passenger in the front seat; and a passenger in the back seat. The passengers appeared to be looking back at the patrol car, while defendant glanced up at his rear view mirror. Defendant continued travel-ling on Park for several yards, then turned north on Grattan. Once the patrol car’s siren was activated, defendant pulled over to the curb. After Officer Givens parked his car about two and one-half feet behind defendant’s, he noticed defendant reach toward his lap and throw an object out the window, which landed in the road about seven or eight feet from the car. Officer Givens retrieved the discarded object, a brown paper bag containing manilla envelopes, as well as envelopes that had been scattered near the bag. Upon opening one of them, he discovered that it contained a “green vegetable substance” he thought was marijuana. Officer Givens then radioed for assistance, arrested defendant for possession of a controlled substance, and interviewed the two passengers. He searched the Grand Torino, but uncovered no additional contraband.
Victor Granat, a criminalist, testified that while he was employed by the City of St. Louis Crime Laboratory he had analyzed the contents of the packages retrieved by Officer Givens and found that they contained 45 grams of marijuana. A copy of the lab report and the packages of marijuana were admitted into evidence.
Defendant, testifying in his own behalf, denied that he had thrown anything from the car, and said he had no knowledge of the bag or its prohibited contents. Kevin Marshall, one of the passengers in defendant’s automobile, testified that he did not see defendant throw anything from the car and that he was also unaware of the alleged contraband.
In determining whether or not the state made a submissible case we accept as true all evidence, circumstantial or direct, tending to prove defendant guilty, together with all reasonable inferences supportive of the verdict, and we disregard those portions of the record contrary to the verdict. State v. Brooks, 618 S.W.2d 22, 23 (Mo. banc. 1981).
The evidence in this case is nearly identical to that presented in State v. Davis, 510 S.W.2d 792 (Mo.App.1974). In that case Davis and two passengers were stopped by a police officer after he noticed that Davis’ car was not properly licensed. The officer testified that Davis threw a brown paper bag, later shown to contain marijuana, from the vehicle. After Davis was convicted and sentenced he appealed, alleging that *533 the evidence failed to establish his guilt beyond a reasonable doubt. The Western District of the Court of Appeals affirmed the judgment, finding no error.
Here, too, the state clearly made a sub-missible case. We do not agree with defendant’s contention that the evidence supported, at best, a finding of “mere passing control” and that it did not support a finding of exclusive possession, as required by the instructions. Officer Givens testified that he could see into the car clearly and that only a distance of a few feet separated the two vehicles when he saw defendant reach toward his lap and throw the brown bag from the car. It can be inferred from Officer Givens’ testimony that defendant, the owner and driver of the automobile, was in exclusive possession of the marijuana and had more than “mere passing control”. The judgment is affirmed.
DOWD, P.J., and CRIST, J., concur.