STATE of Missouri, Respondent,

v.

Gerry FOSTER, Appellant.

No. 52857.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Richard A. Fredman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for possession of heroin, § 195.020, RSMo 1986, for which he was sentenced as a prior controlled substance offender, as well as a prior offender, to ten years' imprisonment. We affirm.

Defendant's first allegation of error concerns the sufficiency of the evidence to support his conviction for possession of heroin. He contends the State failed to prove he was aware of the presence and the nature of the contraband.

In considering this argument, we view the evidence and all reasonable inferences in the light most favorable to the verdict. *State v. Edwards*, 701 S.W.2d 531, 532 (Mo.App.1985).

The evidence can be summarized as follows: Between 11:00 and 11:30 p.m. on July 2, 1985, police detectives Sanneman and Montague were conducting surveillance of a park located at Sarah and West Bell due to high drug traffic in the area. They were observing the park using binoculars from an unmarked police car parked on the street.

The detectives first observed defendant standing alone in the park. After a few minutes, an individual approached defendant and hand him something. Defendant then walked approximately twenty feet, reached down, picked up something, appeared to

open and close it, placed it on the ground, walked back to the individual and appeared to hand him something. The individual then left the park. A few minutes later, defendant climbed to the top of a jungle gym and surveyed the area. He looked directly at the two detectives, then climbed down and went to the place where he was previously standing. Thereafter a second individual approached defendant and the scenario as described above was repeated.

At this point, the detectives drove to the entrance of the park. Defendant attempted to leave the park, but was detained by Detective Sanneman. Detective Montague walked to the location where defendant had replaced the object on the ground and found a sunflower seed bag containing eight capsules which were later discovered to contain heroin. Defendant was searched, but no contraband was found on his person.

Defendant presented the testimony of his brother, Joe Willie Foster, who stated he was in the park that evening along with the defendant and another person identified only as Terry. He further stated they were in the park from noon until defendant's arrest, except for a few minutes. He claimed the three of them were gambling until dark, and he and defendant were stopped by the police as they were leaving the park, but only defendant was arrested. He further testified the police searched a large area in the park before finding the bag containing the heroin. The detectives denied seeing defendant's brother in the park that evening.

In order to prove illegal possession of a controlled substance, the State must show the accused was in conscious possession of the substance. *State v. Harrington*, 679 S.W.2d 906, 907[3] (Mo.App.1984). This proof may be supplied by circumstantial evidence of the acts and conduct of the accused from which it may be inferred that he was aware of the nature and existence of the contraband. *State v. Roberts*, 524 S.W.2d 174, 175[2] (Mo.App.1975).

■ The evidence that the police detectives observed defendant replace an object on the ground at the spot where the drugs were found, combined with the evidence of defendant's conduct prior to his arrest was sufficient to support a finding of knowing possession of heroin. *See Edwards*, 701 S.W.2d at 532; *see also Roberts*, 524 S.W.2d at 175.

Defendant's final point concerns the court's failure to dismiss the jury panel pursuant to local court rule 100.6.6(6) and (7). We first note defendant's argument on this point violates Rule 84.04(h) because it does not include page references to the legal file or transcript.

Subsections six and seven state as follows:

6. No Judge shall request a panel until after a cause has been assigned to his division and is ready for trial.
7. The Judge shall not retain a panel or any members thereof for additional trials, nor shall he excuse or discharge any juror from service.

Local Court Rule 100.6.6(6) and (7).

■ In this case, the jury panel was assigned to the division on the day of trial. Four cases were assigned to the division for that day, but only defendant's case was ready for trial. The jury was not seated, nor had voir dire begun before the defendant's case. Thus, the jury was not "retained" for an additional trial in violation of subsection seven.

■ We need not determine whether a violation of subsection six occurred because defendant failed to show he was prejudiced by the alleged violation of the rule. Defendant contends the jurors were frustrated and angry with him and his lawyer because they were forced to sit in the courtroom all day although the case did not begin until the following day. However, this issue was expressly brought out by defense counsel during voir dire, and no juror expressed anger or frustration with defendant or his attorney.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.