[Crim. No. 6569. Second Dist., Div. One. May 6, 1959.]

THE PEOPLE, Respondent, v. J. T. CARR, Appellant.

John H. Marshall for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

LILLIE, J.—Defendant was convicted by a jury of selling heroin in violation of section 11500, Health and Safety Code. His motion for a new trial denied, he was sentenced to the state prison. He appeals from the judgment and order denying the motion.

Appellant's sole point on appeal is the sufficiency of the evidence to support the verdict. ■ The function of this court is neither to reweigh the evidence nor resolve the factual conflicts in favor of the defendant, for the credibility of the witnesses and the weight to be given their testimony are committed exclusively to the trier of the fact (*People* v. *Flummerfelt*, 153 Cal.App.2d 104 [313 P.2d 912]). ■■ We cannot substitute our findings of the ultimate fact for those reached by the jury (*People* v. *Perkins*, 8 Cal.2d 502 [66 P.2d 631]); and "(W)e must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict." (*People* v. *Newland*, 15 Cal. 2d 678 [104 P.2d 778]).

Mindful of the foregoing rules, we briefly summarize the evidence in the light most favorable to respondent. Sheriff's Deputy Brown testified that around 3 or 3:30 p.m. on March 29, 1957, he was engaged in a narcotics investigation and had as a passenger in his car one Moses Walker. While cruising around they observed defendant northbound on Compton Avenue, driving a 1957 Buick, two-door Century hardtop, red over white, paper license Number 0134457; Walker said: "There goes 'Stick' and he sometimes deals in junk or narcotics," and they turned left on Compton following him. Shortly thereafter he stopped and Walker left the deputy's car to go over to defendant's vehicle where they talked for a few minutes. Walker returned and defendant continued northerly on Compton. After talking with Walker, they continued to follow defendant until he stopped at Success Avenue south of 92nd Street where he left his car, walked over to the parkway and picked up an object from the weeds. He returned to his car, bent over the seat, again got out and walked back to Brown's vehicle parked directly behind him. Defendant got into the deputy's car and sat in the front next to Walker. Defendant asked Brown for money so he handed a $5.00 bill to Walker, who gave it and four $1.00 bills (which he had previously obtained from Brown) to defendant. Upon receiving the $9.00, defendant handed Walker a red balloon containing three capsules of heroin, which Walker passed to Brown. Walker then introduced him to defendant: "This is Joe," to which the deputy said, "How do you do." They got out of the car and he and defendant discussed the newness and operation of the latter's car. Defendant said he had it "a couple of days" and it ran "real good." He asked defendant

if he could meet him at a future date, but defendant made no answer.

As to the informer, Moses Walker, the deputy testified he had met him for the first time on that day at the sheriff's station.

Deputy Vacio testified that he and his partner kept Brown and Walker under surveillance on March 29. He observed them on Compton Avenue drive up to a 1957 red and white Buick and later park behind it. Walker got out of Brown's car and went to the Buick for a few minutes. Returning to the deputy's vehicle, they drove north again. At the corner of 103rd and Compton, Vacio passed alongside both vehicles and followed defendant to 97th Street and Compton where the latter turned east. They drove to 91st Street, where they were able to observe defendant park on 92nd, get out of his car, go to the curb and then back to the vehicle. In a few minutes, defendant again got out and walked back to Deputy Brown's car. In a short time he left, got into his own vehicle and drove away. Immediately thereafter Vacio and his partner met Brown at the sheriff's station where he showed them the red rubber balloon. Vacio identified defendant as the person in the Buick and testified he looked at him when he drove within three or four feet alongside defendant's car at 103rd and Compton.

Gunther, an automobile dealer, testified that on March 28, 1957, he sold and delivered to defendant a 1957 Buick Century two-door hardtop, bearing temporary license Number 134457 on the paper sticker in the back window.

The defense consisted of the testimony of defendant, Moses Walker, and Gunther, who had also been a witness for the People. Defendant testified he had never gone by the name of ''Stick,'' had no conversation with Walker and Brown on March 29, 1957, had handed neither Brown nor Walker a balloon, took no money from either and had never seen Brown prior to his arrest. He said he bought a blue 1957 Century hardtop Buick on March 28, but had never owned a red and white one and had never had a conversation with Brown or Walker concerning the purchase or sale of narcotics. Moses Walker denied he ever rode with Brown on March 29, 1957, pulled up behind defendant, or got out of the deputy's car and talked to him, that he was present in Brown's car while the latter gave him $9.00 to give to defendant or ever received a balloon from defendant. He said he knew defendant only slightly and had seen him around, but never mixed with him

socially or for business. Gunther for the defendant testified the car he sold and delivered to him on March 28, 1957, was blue.

Appellant argues that although "the evidence adduced by the prosecution, while probably sufficient to establish a prima facie case of guilt of the defendant," is not sufficient to establish the identity of the defendant, due to the inaccuracy of Brown's observations concerning other interrelated facts, mainly the license number and color of defendant's car. He contends that the only way in which the verdict can be accounted for is that it was rendered "under a state of great excitement" or "was the result of passion or prejudice on the part of the jury."

An examination of the record discloses nothing unusual concerning the nature of the charge, the persons involved, the conduct of the trial or the circumstances surrounding the offense, which might reasonably create in the minds of the jury a "state of excitement" or "passion or prejudice" against the accused. ■ Therefore, if appellant relies on this contention, he must show such a lack of evidence in the record to support the verdict as would reasonably infer the existence of a condition which might influence the jury; or that the evidence relied upon by the prosecution is apparently so improbable or false as to be incredible; or the evidence so clearly and unquestionably preponderates against the verdict as to convince this court the verdict was the result of passion or prejudice. (*People* v. *Willard*, 150 Cal. 543 [89 P. 124] ; *People* v. *Nuno*, 183 Cal. 126 [190 P. 626] ). This he has failed to do.

Appellant advances the position that in view of his and Walker's denial of their participation in the heroin sale, and since both Brown and Vacio described the car as "red and white" bearing paper license Number 0134457, while defendant's witness testified his car was blue, bearing license Number 134457; the deputies, who claimed no prior acquaintance with defendant, did not arrest him until later; and it was not proved defendant had any connection with narcotics, that not only does the evidence preponderate in favor of the innocence of defendant, but the deputies' testimony is so inherently false or improbable as to be incredible.

Examining the record we not only find ample substantial evidence to support the verdict, which the jury obviously believed, but we find nothing improbable or false about the testimony relied upon by the prosecution to make it incredible.

The rule in *People* v. *Lyons,* 47 Cal.2d 311 [303 P.2d 329], appears to here be controlling. At page 319, the Supreme Court stated: "Appellant next assails the testimony of the prosecuting witnesses as inherently improbable. This contention cannot be sustained. The rule is thus stated in *People* v. *Huston* (1943), 21 Cal.2d 690, 693 [134 P.2d 758] : 'Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category (citing case). To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. (Citing cases.) Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' " Viewing the testimony of Brown and Vacio in the light of the foregoing rule, we are unable to say there exists either a physical impossibility that their statements are true, or any apparent falsity without resorting to inferences or deductions.

We note that the alleged contradictions do not occur in their own testimony, for the statements of both Brown and Vacio are consistent in themselves and with each other. Appellant relies upon what he terms a contradiction created by the testimony of Gunther, who testified for both the prosecution and defendant, concerning the license number and color of defendant's car.

In exercising its duty of deciding which witnesses told the truth, and what evidence was entitled to the greater weight, and resolving any factual conflict in the testimony, it is obvious that the jury did not believe defendant's denial, rejected Walker's version of what occurred, and accepted the deputies' testimony as worthy of belief. In doing so, the jury either believed all of the deputies' testimony and disbelieved that of Gunther; believed part of Gunther's testimony giving no credence to the balance, as it had a right to do (*People* v. *Thomas,* 103 Cal.App.2d 669 [229 P.2d 836]) ; discounted the asserted discrepancies as not sufficiently substantial or material to render the rest of the deputies' testimony unworthy of belief (*People* v. *Baserto,* 162 Cal.App.2d

123 [327 P.2d 558]), or reconciled the testimony of all three witnesses. However the jury resolved the matter, we find nothing in the record to justify a reversal of its verdict.

It is not difficult to understand why the jury discredited the testimony of the defendant and Walker against that of Brown and Vacio. Defendant's testimony was succinct and guarded.

He swore he was working for Willie Hill junking automobiles at 3 :30 p.m. on March 29, 1957, yet he offered no corroboration. Moses Walker, a self-admitted felon, categorically denied his participation in the transaction although he did admit that in March, 1957, he went out to Watts with Brown, who "wanted me to get somebody 'busted,' to buy some narcotics from another man." Walker was serving time in San Quentin for "sale of narcotics." When asked if he gave evidence here to help convict someone the inmates wouldn't be "pretty rough" on him when he returned, Walker first said "It wouldn't go hard with me any place," and when asked again: "Wouldn't make any difference to the boys up there, is that right?" he repeated, "I say it wouldn't go hard with me any place." Later, upon further questioning he became less evasive and said he hadn't done anything and had no cause to be afraid of anyone.

As to either the license number or color of defendant's car, there appears to be no definite contradiction of the deputies' testimony. They said there were seven digits starting with a "zero" in the temporary number they saw on the removable paper sticker in the rear window of defendant's car. Gunther testified his records disclose the license number of defendant's car to be the same (134457), with the exception of the "zero." Referring to the paper stickers bearing temporary license numbers, Gunther was asked "Now, are there any zeros on these stickers, sir?" to which he answered: "That, I can't answer. *There might be one in the front.*" Then, "Is there any particular reason why there could be a zero on the front of the stickers that appear in the window but not in your record pertaining to it . . ." and he replied, "Not unless there's seven numbers in the temporary license."

As to the color of the defendant's car, Brown simply described it as "red over white." Vacio testified "to the best of my recollection, it was" a red and white car. Gunther, who was then called by defendant, said the car he sold defendant was blue. Consistent with his denials, of course, Walker gave no testimony concerning defendant's car. Defendant, whose work was junking automobiles, only said that the car he bought

on March 28 was a blue Buick and that he did not *own* a red and white one. He could not recall his temporary license number on the paper sticker. He at no time testified he had not *driven* a red and white Buick on March 29.

Inconsistencies, contradictions and conflicts in testimony are common to almost every case on appeal. In the instant one, if the several alleged contradictions are deemed to exist, in view of their character and the nature of the rest of the evidence, they at most afforded only an opportunity for a persuasive argument to the jury against the reliability of the testimony of the deputies (*People* v. *Janisse*, 162 Cal.App.2d 117 [328 P.2d 11]). However, we find nothing in their testimony from which we could justly conclude it is *per se* unbelievable.

■ That there is sufficient evidence in the record before us to support the verdict, is manifest from the testimony of one witness (Brown) who positively identified defendant as the man who sold him the heroin, and the corroboration of another (Vacio), who observed the parties during the transaction and positively identified the defendant as the person who was present and participated therein, and Walker as the one with defendant and Brown. Although it here exists, corroboration is not necessary in a narcotics case, and the testimony of one witness who identified the defendant as the one who made the sale is sufficient (*People* v. *Johnson*, 99 Cal.App.2d 559 [222 P.2d 58]). No reversal is warranted.

For the foregoing reasons the judgment and order denying the motion for new trial are and each of them is affirmed.

White, P. J., and Fourt, J., concurred.