[Crim. No. 3858. First Dist., Div. Two. May 17, 1961.]

THE PEOPLE, Respondent, v. PHILIP CEDRIC McFADDEN, Appellant.

Philip Cedric McFadden, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Daniel A. Sharp, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—Philip C. McFadden, in propria persona, appeals from a judgment rendered on a jury verdict finding him guilty of a violation of section 288a of the Penal Code, and from the order denying his motion for a new trial. The chief contentions on appeal relate to the sufficiency of the evidence, the admission of certain evidence, the competency of appellant's attorney, and the instructions to the jury. The appellant also raises certain objections relating to his treatment prior to the preliminary hearing and the regularity thereof. However, since the appellant failed to move to dismiss the information, these matters have been waived and cannot be raised on this appeal (Pen. Code, §§ 995, 996). The appellant also raises some extraneous matters relating to the *voir dire* examination of the jurors. How-

ever, he did not request the inclusion of this portion of the proceedings in the record on appeal and it cannot be considered on this appeal.

Appellant's major argument is that the evidence does not support the verdict and judgment. We do not deem it necessary to describe the facts in detail. Upon a careful scrutiny of the record, we think there is no question that the evidence is more than ample to sustain the finding of the jury.

Appellant's argument is directed chiefly at the admission of the testimony of the eyewitness Poitras given at the preliminary hearing. The victim, a 15-year-old boy, testified at the trial that the offense occurred on March 31, 1960, when he spent the night in the appellant's room and that Poitras was in the room the entire time but never touched him. Poitras testified at the preliminary examination that during the entire evening and night, he was present; first he sat in a chair beside the bed drinking and dozing; later he joined the appellant and the boy in the bed; he neither encouraged nor participated in any of the acts which took place. The appellant admitted being in the room with the boy all night, but denied doing anything to the boy and stated that Poitras was the perpetrator of the crime.

Poitras was served with a subpoena (on Monday, June 6, 1960) but did not appear at the trial which began on Thursday, June 9, 1960. The district attorney then instituted an immediate and conscientious investigation of the locations and establishments frequently visited by Poitras. Finally, over the objection of appellant's counsel at the trial, the transcript of the above mentioned testimony at the preliminary hearing was read into evidence, including the cross-examination by appellant's counsel. Section 686 of the Penal Code governs the admissibility of prior testimony where the witness is unavailable. The section provides:

"In a criminal action the defendant is entitled:

"3. . . . to be confronted with the witnesses against him, in the presence of the court, except that where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness; . . . the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or can not with due diligence be found within the state; . . . out of jurisdiction, or who cannot, with due

diligence, be found within the state, given on a former trial of the action in the presence of the defendant who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, may be admitted.''

■ The general rule concerning the admissibility of testimony under such circumstances is that the matter is largely within the discretion of the trial court. The decision of the trial court on the question of the propriety of receiving or rejecting the evidence will not be disturbed on appeal unless it appears that there was an abuse of discretion. The problem is primarily for the trial court and its solution will not be disturbed if there is evidence of substantial character to support its conclusion (*People* v. *Cavazos,* 25 Cal.2d 198, 200 [153 P.2d 177] ; *People* v. *Dunn,* 29 Cal.2d 654 [177 P.2d 553] ; *People* v. *Noone,* 132 Cal.App. 89, 93 [22 P.2d 284] ; *People* v. *Baker,* 89 Cal.App.2d 503 [201 P.2d 42]). ■ Furthermore, as stated in *People* v. *Carswell,* 51 Cal.2d 602 at 605-606 [335 P.2d 99] : ''To hold, as defendant argues, that there must also be a showing of due diligence to keep the witness within the state, would be contrary to the plain terms of section 686 and would work an unreasonable hardship on the party seeking to introduce such testimony.'' We think there is no abuse of discretion here and that the trial court properly admitted the testimony.

■ Appellant further argues that there was insufficient evidence to corroborate the testimony of the boy because Poitras was also an accomplice, so that his testimony does not sufficiently corroborate that of the boy; however, the court clearly instructed the jury that it was its duty to determine whether or not Poitras was an accomplice, or whether he was an eyewitness under section 1111 of the Penal Code. From the verdict, it can be inferred that the jury concluded that Poitras was not an accomplice so that his testimony clearly fulfills the requirement of section 1111.

Appellant next argues that his attorney was not competent and that he was not properly represented at the trial. The record does not support this assertion but indicated that the appellant was amply and enthusiastically represented by the deputy public defender through the entire proceeding.

■ Appellant also argues that the court erroneously instructed the jury that he could be found guilty of the lesser included offense of contributing to the delinquency of a minor in violation of section 702 of the Welfare and Institutions

Code. We think the instruction was completely proper under the testimony and could not in any way have been prejudicial to the appellant.

In view of the foregoing, the judgment and the order denying the motion for a new trial are each affirmed.

Draper, J., and Shoemaker, J., concurred.

A petition for a hearing by the Supreme Court was denied July 12, 1961.