[Crim. No. 7779.   Second Dist., Div. Four.   June 4, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM DOUGLAS LYONS, Defendant and Appellant.

William Douglas Lyons, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Peter Graber, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with violation of Penal Code section 211, robbery. An amendment to the information was filed to charge defendant with three prior felony convictions. Defendant pleaded not guilty and denied the prior convictions. Later defendant admitted the prior convictions to be true. After a jury trial defendant was found guilty as charged and the jury further found it to be robbery of the second degree. Probation was denied and defendant was sentenced to the state prison for the term prescribed by law, with the sentence to run consecutively to any other time owed.

Defendant appealed from the judgment and the case was assigned to Division Two of the Second Appellate District of this court. Defendant made a motion for appointment of counsel to that division. On September 5, 1961, that court made its order indicating that it had made an independent investigation of the record and had determined that it would be neither advantageous to defendant nor helpful to the court to have counsel appointed. The application was therefore denied. Thereafter, the appeal of this case was transferred to this division.

Defendant's two principal contentions are that: (a) he was convicted through the wrongful introduction of evidence illegally obtained as an incident to an unlawful arrest; and (b) he was convicted without adequate and effective assistance of counsel.

The facts of the instant case, viewed favorably to the People, are as follows: On the afternoon of December 23, 1960, Jerome Buteyn, Jr., the operator of Jerry's Liquor Stores, while alone in the office section of the stores' warehouse building in Santa Monica, was robbed of eight hundred dollars by two men. During the robbery his mouth was taped and his hands were taped behind him. Mr. Buteyn saw the two robbers exit through the front door of the building. He freed himself immediately and saw them departing in a car that had been parked in front of the office. He recognized the men in the car as the robbers, observed that the car was a station wagon, and noted the license number. He then reported the robbery to the police.

On January 5, 1961, defendant was arrested at his "daughter's mother's house." During the course of the arrest, officer Keith Ethell of the Santa Monica Police Department, one of the arresting officers, found a parking ticket and business

reply envelope addressed to the Santa Monica Municipal Court under a mattress of a bed in an upstairs bedroom. The ticket was dated December 21, 1960, and bore the inscription "License Number JHB-125." This was the same as the number of the license on the car used by the robbers to flee the scene of the robbery. It appeared from the face of the ticket that it was given to a vehicle parked on the west side of 18th Street in the 1400 block in Santa Monica. At the time of arrest, officer Ethell determined that defendant's mother was living at 1433 18th Street, Santa Monica, which is in the same block as the site of the parking violation.

After defendant's arrest, Mr. Buteyn immediately recognized and identified him as one of the robbers in a lineup of about eight men at the police station. Approximately one month later a 1953 Mercury station wagon with the license number JHB-125 was located in a garage in the City of Venice.

At the trial Mr. Buteyn again identified defendant and stated that pictures of the automobile, introduced into evidence, depicted the car he saw leaving the scene of the robbery. Officer Richard B. Courtright, an identification technician of the Santa Monica Police Department, was qualified as a fingerprint expert and testified in substance that fingerprints found on various surfaces of the automobile were those of defendant. The parking ticket and envelope, discovered by officer Ethell, were introduced into evidence without objection by defendant.

Defendant first claims that the parking ticket, linking him with the car used in the commission of the crime, was unlawfully obtained as a product of an illegal search and seizure based upon an unlawful arrest and was erroneously admitted into evidence at the trial. This contention is without merit.

The burden is on the defendant to raise the issue of illegally obtained evidence. (*People* v. *Prewitt*, 52 Cal.2d 330, 335 [341 P.2d 1].) When the question is raised either at the preliminary hearing or at the trial, the defendant makes a prima facie case when he establishes that an arrest was made without a warrant or that private premises were entered or a search was made without a search warrant, and the burden then rests on the prosecution to show proper justification. (*Badillo* v. *Superior Court*, 46 Cal.2d 269, 272 [294 P.2d 23].)

At the trial there was no showing that either the arrest or the search was made without a warrant, and therefore the

burden of justifying the arrest and search never fell upon the prosecution. For this court "to reverse the judgment it would be necessary to presume that the officer acted illegally and that the trial court erred in admitting the evidence so obtained.

■■ It is settled, however, that error will not be presumed on appeal [citations], and in the absence of evidence to the contrary it must also be presumed that the officers regularly and lawfully performed their duties." (*People* v. *Farrara*, 46 Cal.2d 265, 268-269 [294 P.2d 21]; see *People* v. *Johnson*, 195 Cal.App.2d 573, 574 [16 Cal.Rptr. 1].)

■ Defendant made no objection when the evidence, now claimed to be illegally obtained, was introduced at the trial. His failure to object to its admission on the ground that it was seized during an illegal search precludes him from making this contention now, for such objection must be made at the trial. (*People* v. *Richardson*, 51 Cal.2d 445, 447 [334 P.2d 573].)

■ Although the record is silent as to the existence of a warrant for the arrest, defendant states that the transcript of the proceedings at the preliminary hearing indicated that the officers had no warrant. The preliminary hearing transcript was not a part of the record in the superior court, and matters outside the record may not be considered at this time. (*People* v. *Gormley*, 64 Cal.App.2d 336, 338 [148 P.2d 687].)

Defendant also claims that his counsel at the trial, a deputy public defender, was inadequate and ineffective. He does not specify the particular acts or omissions by his counsel of which he complains. He makes only a general charge that he failed to make requested motions and objections.

■ For defendant to make the type of showing which would compel us to conclude he was deprived of due process within the meaning of the Fourteenth Amendment of the United States Constitution, it must appear that counsel displayed such a lack of diligence and competence as to reduce the trial to a farce or a sham. (*People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457]; see *People* v. *Hughes*, 57 Cal.2d 89, 99 [17 Cal.Rptr. 617, 367 P.2d 33].) ■ It is presumed that an attorney has been faithful to the best interests of his client. (*People* v. *Amado*, 167 Cal.App.2d 345, 347 [334 P.2d 254].) ■ Defendant made no complaint to the trial court with respect to his counsel's representation. If he felt that his representation was inadequate, as he now asserts, he should have so informed the trial court. In absence of such complaint under these circumstances the acts of

defendant's counsel are imputed to him (*People* v. *Youders,* 96 Cal.App.2d 562, 569 [215 P.2d 743]), and he cannot assert this argument, after an adverse judgment, for the first time on appeal. (*People* v. *Monk,* 56 Cal.2d 288, 299 [14 Cal.Rptr. 633, 363 P.2d 865].)

The record shows that the deputy public defender conducted a vigorous cross-examination of prosecution witnesses and did an adequate job of presenting witnesses for defendant to corroborate his defense of alibi.

Although defense counsel did not claim that there was an unlawful arrest or that certain evidence was illegally seized this does not prove that counsel was derelict in his duty. Defendant's attorney may have concluded properly that the defenses of unlawful arrest and illegally seized evidence were not available to the accused. We hold that defendant's claim as to inadequate representation is without merit.

In defendant's remaining contentions he requests principally that we look to matters outside the record, reweigh the evidence and judge the credibility of witnesses. These functions are beyond the power of this court. (*People* v. *Boyden,* 181 Cal.App.2d 48, 55 [4 Cal.Rptr. 869] ; *People* v. *Carr,* 170 Cal.App.2d 181, 183 [338 P.2d 479].) Defendant received a fair trial and was adequately represented. The conviction was supported by substantial evidence.

The judgment is affirmed.

Burke, P. J., and Balthis, J., concurred.