JEFFERSON, J.
 

 Defendant entered a plea of not guilty to an information charging violation of section 459 of the Penal Code, burglary. Defendant was represented by counsel. Trial was by the court, trial by jury having been duly waived by defendant personally and by all counsel. Defendant was found guilty of burglary of the second degree. The court found that two prior convictions for burglary and a prior conviction for violation "of the Deadly Weapons Control Law were true as alleged. Probation was denied and defendant was sentenced to state prison for the term prescribed by law. This
 
 *434
 
 is an appeal from the judgment and an order denying motion for new trial.
 

 The People produced four witnesses. Three of these witnesses (an owner of the burglarized premises and two sheriff’s deputies) offered testimony which showed only that a burglary had been committed. The other witness for the People, Miss Pamela Laron, offered the only testimony which directly connected defendant with the commission o£ the crime. The only witness produced by the defense was a codefendant testifying in his own behalf. He testified that he had never known defendant.
 

 Defendant’s primary contention on appeal is that the testimony of Miss Laron was that of an accomplice. Section 1111 of the Penal Code provides that conviction can not be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense. An accomplice is defined as one who is liable to prosecution for the identical offense charged against the defendant.
 

 The trial court, sitting as a trier of law and fact, found that Miss Laron was not an accomplice; and therefore, it was not mandatory that her testimony be corroborated. Defendant contends that the participation of Miss Laron in the crime charged, revealed by her own testimony, is of such incriminating force as to compel a finding that she was an accomplice as a matter of law. The record indicates Miss Laron was a 17-year-old girl who had been living in an apartment with a male eodefendant. On the morning the crime was perpetrated, Miss Laron was in the apartment and overheard defendant along with other codefendants discussing plans to “break into the Melody Inn.” Concerning this conversation, she was asked on direct examination, “Were you participating in this conversation in any way, other than by listening?” She answered, “Yes. I said I didn’t think it was such a good idea, but I’m not a very big person.” Defendant and his codefendants thereafter left the apartment, and Miss Laron remained in the apartment until they returned approximately four hours later. On direct examination, Miss Laron was asked whether she engaged in any conversation with defendants when they returned to the apartment. She replied, “When they did come back dirty, I did ask them where the safe was, and they said in the car. That’s all I said.”
 

 Later the same day Miss Laron accompanied defendant and his codefendants to the location where the safe was opened.
 

 
 *435
 
 On direct examination she was asked whether she did this voluntarily. She answered, “Well, I probably could have stayed behind, but I went ahead, anyway. I guess I really wanted to see if there really was a safe in there.” Miss Laron’s further participation was limited to being given some of the rolls of small change found in the safe to take to commercial establishments and get changed into larger currency which she gave to the codefendants.
 

 On cross-examination Miss Laron was asked if she received some of the money for herself. She replied, “No, just maybe what he might have spent on the apartment for food. ’ ’ It was also brought out on cross-examination that one of the codefendants bought a few things for Miss Laron which may have possibly been purchased with some of the money from the safe.
 

 Miss Laron was a ward of the Juvenile Court, and during this period of time she was a run-away from a foster home. Subsequent to these events, she voluntarily surrendered to the authorities. She testified that her testimony in this case was not based upon any hope of reward for herself in her own ease.
 

 The test of whether one is an accomplice, within the statutory requirement of corroboration, is whether that person is liable for prosecution for the identical offense with which the defendant on trial has been charged. (Pen. Code, § 1111.) Defendant was charged with and tried for the crime of burglary. The evidence does not show that Miss Laron was an actual participant in the act of burglary, nor does it show that she was an aider or abettor in the perpetration of the burglary. In this connection to aid and abet means to instigate, encourage, promote, or aid with guilty knowledge of the wrongful purpose of the perpetrator.
 
 (People
 
 v.
 
 Goldstein,
 
 146 Cal.App.2d 268, 272, 273 [303 P.2d 892].)
 

 The fact that Miss Laron may have been liable for prosecution for a separate offense arising out of her cooperation with defendant does not make her an accomplice.
 
 (People
 
 v.
 
 Means,
 
 179 Cal.App.2d 72, 85 [3 Cal.Rptr. 591].)
 

 In
 
 People
 
 v.
 
 Lima,
 
 25 Cal.2d 573 [154 P.2d 698], a party who was guilty of the separate offense of receiving stolen property was held an accomplice with the thief because the two had conspired together in a prearranged plan. Assuming, only for the purpose of answering defendant’s contention, that an analogy could be drawn between the facts in this case and the receiving of stolen property, the evidence does not show that Miss Laron conspired with defendant in
 
 *436
 
 a prearranged plan. In fact, the evidence shows that prior to the burglary she told defendant and his codefendants that she “didn’t think it was such a good idea,” and at the trial she commented in this connection, “. . . but I’m not a very big person.”
 

 Miss Laron was not an accomplice as a matter of law, and there is substantial evidence to warrant a finding by the trier of fact that she was not an accomplice.
 

 Defendant also contends that the evidence presented at trial was insufficient to support a verdict of guilty. This contention in defendant’s brief appears to be founded largely on the assumption that Miss Laron’s testimony had to be corroborated. To warrant a reversal on the ground of insufficiency of evidence, it must appear that the testimony which was relied upon by the trier of fact was inherently improbable. (See
 
 People
 
 v.
 
 Carr,
 
 170 Cal.App.2d 181 [338 P.2d 479].) Miss Laron’s testimony, which the trial judge obviously believed, provided substantial evidence to support the verdict.
 

 Defendant’s final contention is that he did not have adequate and effective representation of counsel. Defendant was represented by an attorney of his own choice. The rule in this respect is set forth in
 
 People
 
 v.
 
 Wein,
 
 50 Cal.2d 383, 410 [326 P.2d 457] : “The handling of the defense by counsel of the accused’s own choice will not be declared inadequate except in those rare cases where his counsel displays such lack of diligence and competence as to reduce the trial to a ‘farce or a sham.’ ” The attorney cross-examined three of the four witnesses; impeached Miss Laron as a witness; explored her participation in the offense; and argued to the court that she was an accomplice. Defendant’s representation by his counsel was competent and adequate.
 

 The judgment and order denying the motion for new trial are affirmed.
 

 Burke, P. J., and Balthis, J., concurred.
 

 A petition for a rehearing was denied July 18, 1962, and appellant’s petition for a hearing by the Supreme Court was denied August 29, 1962.