[Crim. No. 8250. Second Dist., Div. Four. Sept. 14, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. SAM BROOKS,
Defendant and Appellant.

Sam Brooks, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with assault with a deadly weapon in violation of section 245 of the Penal Code. Defendant pleaded not guilty. Trial was by

the court, trial by jury having been duly waived. Pursuant to stipulation of defendant and all counsel the issues were submitted to the court on the testimony contained in the transcript of the proceedings had at the preliminary hearing, both sides reserving the right to call additional witnesses and to further cross-examine. Defendant offered testimony in his own behalf.

Defendant was found guilty as charged. Probation was denied, and defendant was sentenced to state prison for the term prescribed by law.

Defendant applied for appointment of counsel to assist him on this appeal. This court having made an independent investigation of the record and having determined it would be neither advantageous to defendant nor helpful to the court to have counsel appointed denied the application, whereupon defendant prosecutes this appeal from the judgment of conviction in propria persona. Defendant was notified and given ample time to file his opening brief and upon defendant's request this court extended the time to file such brief. None has been filed. The entire record of the preliminary and trial proceedings are before this court, and we have given the appeal full consideration.

 The victim testified that following an argument in a hotel room where a dice game was in progress the defendant accosted him with a knife; the defendant cut him and the resulting wound required 45 stitches to close. Two independent witnesses testified they saw the cutting; the victim was unarmed; they identified the knife received in evidence as being similar to the one they saw in the defendant's hands.

The arresting officer took the knife from the defendant who removed it from his left front pants pocket. He admitted to the officer that he had cut the victim but asserted he had acted in self-defense.

On March 28, 1962, defendant filed with this court a statement which reads as follows:

"I wish to file my brief on the grounds that my Public Defender did not call my witness into court to appear on my behalf.

"As addition[al] grounds I would like to state that Lawrence Clark, after stealing my money through gambling, chased me with a lead pipe with intent to do bodily harm and stopped only when police came to my rescue. Furthermore, Tommie Harris tried to kill me but the police ordered him to stop or they would shot [sic] him.

"Neither man was arrested and they should be punished if I am.

"I hope you will consider my case and take action at once."

The testimony showed that the chasing of defendant by the victim took place after the defendant had completed his assault and had run away. A further review of the testimony would serve no useful purpose. The defendant's other contentions are also without merit. The public defender was under no duty to call any witness unless the record would reflect that defendant requested that a witness be called in his own behalf. The record does not so reflect.

 To warrant a reversal on the ground of insufficiency of evidence it must appear that the testimony which was relied upon by the trier of fact was inherently improbable. (See *People v. Carr*, 170 Cal.App.2d 181 [338 P.2d 479].) The victim's testimony and that of the other witnesses called on behalf of the People, which the trial judge obviously believed, provided substantial evidence to support the judgment.

A review of the transcript of the proceedings had at the preliminary hearing and of the additional evidence offered and received at the time of trial reveals that defendant received a fair trial. The evidence overwhelmingly supports the judgment of "guilty." There was no error.

Judgment is affirmed.