[Crim. No. 8571.   Second Dist., Div. Four.   May 13, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES BRISTOW, Defendant and Appellant.

Elinor Chandler and Chandler & Duncan for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

BURKE, P. J.—Defendant was convicted by a jury of violation of section 211 of the Penal Code on four counts of robbery. A motion for a new trial and probation were denied. Sentence for the statutory period was pronounced. Defendant appeals from the judgment, sentence, and order denying a new trial.

The contentions of defendant are:

1. There was insufficient evidence for conviction.

2. The court erred in improperly instructing the jury on the impeachment and credibility of witnesses.

On the evening of February 3, 1962, a party of approximately thirty people was in progress at a residential apartment in Los Angeles. It continued into the early morning hours and at approximately 3 a.m. the party was raided by six male persons wearing masks and armed; several guests were robbed and beaten. Four of the six were prosecuted in a consolidated trial with defendant.

Four of eight prosecution witnesses unqualifiedly identified defendant Bristow, appellant herein, as one of the armed robbers whose mask fell off from time to time. The evidence is more than adequate to support the verdict, judgment and sentence, and a detailed review thereof is unnecessary here. The finality of the jury's determinations of the factual issues and the credibility of witnesses is controlling on appeal. (*People* v. *Treggs*, 171 Cal.App.2d 537 [341 P.2d 342]; *People* v. *Carr*, 170 Cal.App.2d 181 [338 P.2d 479].)

The trial court gave the following instructions: "The impeachment of a witness does not necessarily mean that [his] [or] [her] testimony is completely deprived of value, or that its value is destroyed in any degree. The effect, if any, of the impeachment upon the credibility of the witness is for you to determine."

Defendant contends that because the bracketed term [her]

was stricken the jury, if it were to apply the instruction, would not properly evaluate the evidence in that the female witnesses were impeached on many points. However, the court made the following preliminary statement to the jury: "The instructions, for the purposes of clarity, are always written in the masculine and are always written in the singular. You will note that throughout all of the instructions as I shall read them to you. If, however, a particular instruction refers to a woman, then you will apply the proper noun or pronoun. . . ." In view of such statement the jury could not have been misled by the omission of the bracketed term "[her]" in the formal instruction given. In any event, defendant produced no witnesses in his defense and such instruction could only have applied to female prosecution witnesses. Therefore the instruction, relating to impeachment and credibility of the witnesses, could not have prejudiced defendant if the female witnesses were deemed impeached as their testimony would not then tend to incriminate.

The purported appeal from the order denying a motion for a new trial is dismissed and the judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.