[Crim. No. 8598.   Second Dist., Div. One.   Feb. 11, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ANTHONY MORENO SANDOVAL, Defendant and Appellant.

Anthony Moreno Sandoval, in pro. per., and Marcia King, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and John F. Kraetzer, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of one count of robbery in the first degree and one count of kidnapping.

In an information filed in Los Angeles County on May 7, 1962, defendant was charged in Count I with being armed with a deadly weapon and robbing Clarence West of certain money on April 13, 1962. In Count II the charge was that defendant was armed with a deadly weapon and robbed Clarence West of his wallet and cash on April 13, 1962, and in

Count III defendant was charged with kidnapping Clarence West on April 13, 1962, and with being armed with a deadly weapon at that time. Defendant pleaded not guilty, a jury trial was waived and a trial was had before the judge who found the defendant guilty of first degree robbery in Count I and of kidnapping in Count III and not guilty as to the Count II charge of robbery. No finding or determintion was made by the judge as to whether defendant was armed with a deadly weapon at the time of the commission of the respective offenses.

An appeal was taken from "the judgment and sentence ... and from the denial of the defendant's motion for a new trial."

A résumé of some of the facts is as follows: West, the victim of the robbery in question, was a service station attendant in Bell Gardens at about 2:25 a.m., April 13, 1962. Appellant was at the establishment at the time and place and went to the washroom—when he came out he approached West with a revolver in his hand and demanded of West that he, West, deliver over to him his money. West under the circumstances handed appellant some bills from his pocket and a coin changer which was attached to his belt and contained some coins. West was then compelled to walk approximately 200 feet down the street ahead of appellant who had a gun leveled at his back. At that point appellant released West who went back to the gasoline station where he was employed. West called the police who arrived approximately 25 minutes later.

About 3 a.m. and after the police had left, another person appeared at the service station and with gun in hand forced West into the office of the gasoline service station. West was asked to produce his money and West gave him two envelopes from the office containing money and his own wallet. The second robber was not the appellant. Upon the arrest of appellant the wallet of West which was taken in the second robbery was found in appellant's house and was introduced into evidence without objection.

Appellant presently asserts that during the preliminary hearing the court committed prejudicial and reversible error in neglecting to protect his constitutional rights and thereby effectively deprived him of due process of law and further that the trial court erred in denying his motion for a new trial.

No part of the record of the proceedings at the preliminary

hearing is before this court nor was it in the original superior court file. We cannot consider on appeal matters which are not in the record in this court. *People* v. *Lyons,* 204 Cal.App.2d 364, 368 [22 Cal.Rptr. 327]; *People* v. *Pike,* 183 Cal.App.2d 729, 733 [7 Cal.Rptr. 188]; *People* v. *Mullane,* 182 Cal.App.2d 765, 768-769 [6 Cal.Rptr. 341].

It is appropriately stated in *People* v. *Lyons,* 204 Cal.App. 2d 364, 368 [22 Cal.Rptr. 327]: "[6] Defendant made no objection when the evidence, now claimed to be illegally obtained, was introduced at the trial. His failure to object to its admission on the ground that it was seized during an illegal search precludes him from making this contention now, for such objection must be made at the trial. (*People* v. *Richardson,* 51 Cal.2d 445, 447 [334 P.2d 573].)

"[7] Although the record is silent as to the existence of a warrant for the arrest, defendant states that the transcript of the proceedings at the preliminary hearing indicated that the officers had no warrant. The preliminary hearing transcript was not a part of the record in the superior court, and matters outside the record may not be considered at this time. (*People* v. *Gormley,* 64 Cal.App.2d 336, 338 [148 P.2d 687].)"

■ No motion was made by the defendant under the provisions of section 995 of the Penal Code (where he could have questioned the preliminary hearing proceedings) and having failed to do so he waived such rights as he might have had at such time. *People* v. *McFadden,* 192 Cal.App.2d 212 [13 Cal. Rptr. 129]; Penal Code section 996.

■■ Any contention of appellant with reference to the receipt of the wallet in evidence is without merit. First, no objection was made to the offer of the wallet into evidence, second the appellant was acquitted of the charge which alleged that he had robbed West of his wallet.

■■ The evidence was clearly sufficient to convict appellant of Counts I and III. He was positively identified by West. In fact the appellant is extremely fortunate in that the judge for some reason not apparent in the record before this court made no determination as to whether appellant was armed with a deadly weapon at the time of the commission of the offenses in question. This is in the face of the fact that the appellant was armed with a revolver and used it to compel West to do his bidding. Section 12022, Penal Code, provides for additional punishment for a person who "commits or attempts to commit any felony within this state" while

armed with any pistol, revolver or other firearm capable of being concealed on the person. On conviction of such felony the defendant is subject to a sentence of imprisonment for that offense (in this case robbery and kidnapping) ; in addition he is punishable by imprisonment for 5 to 10 years, the additional period to commence on ''expiration or other termination'' of the sentence of the crime, ''and shall not run concurrently with such sentence.''

The appellant in this case, however, due to the failure to make a proper determination, will serve a much shorter period of time than the law provides for the offenses which he did commit. See Witkin, California Crimes, section 995 and following; *People* v. *Warren,* 16 Cal.2d 103, 110 [104 P.2d 1024].

There is no appeal from an order denying a motion for a new trial. The purported appeal from that order is dismissed.

The appeal from the sentence is tantamount to an appeal from the judgment.

The judgment is affirmed.

Lillie, J., concurred.

Wood, P. J., concurred in the judgment.

Appellant's petition for a hearing by the Supreme Court was denied April 8, 1964.